**STATE OF WEST VIRGINIA**

**RIGHT OF WAY CLEARING & MAINTENANCE, INC.,**
**Employer Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0013** (BOR Appeal No. 2052990)
(Claim No. 2013025731)

**ROBERT TAYLOR,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Right of Way Clearing & Maintenance, Inc., by Counsel Toni J. Williams, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Robert Taylor, by Counsel Justin M. Raber, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization of an arthroscopic chondroplasty of the right knee on July 6, 2017. On July 28, 2017, the claims administrator denied authorization of a venous Doppler of the right lower extremity and a return appointment with Kelli Cawley, M.D. The Office of Judges reversed the decisions in its May 18, 2018, Order and granted the requested treatment. The Order was affirmed by the Board of Review on December 6, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Taylor, a carpenter, was injured in the course of his employment on January 29, 2013, when he twisted his right knee. The claim was held compensable for right knee sprain, right knee cruciate ligament sprain, and sprain of the lateral collateral ligament of the right knee. A November 23, 2015, treatment note from Marietta Memorial Hospital indicates Mr. Taylor had a history of two right anterior cruciate ligament repairs as well as a right knee cyst excision. He reported that after the cyst removal, he developed right calf and thigh pain as well as swelling. It was noted that he was previously treated for similar symptoms. A CT scan showed an extensive bilateral

pulmonary embolus with moderate ventricular strain. It was noted that Mr. Taylor's brother has a similar history of deep vein thrombosis.

On December 23, 2015, Mr. Taylor sought treatment from Marcia McCullough, N.P. She indicated Mr. Taylor reported that he underwent right knee surgery in October of 2015 and subsequently developed extensive bilateral pulmonary embolism of the right femoral vein. Umar Osman, M.D., a pulmonologist, evaluated Mr. Taylor on January 6, 2016, and found that he still had shortness of breath, headaches, and right leg swelling. Dr. Osman stated that Mr. Taylor had a submassive pulmonary embolism that developed due to surgery. He stated that it was causing partial right heart strain. Dr. Osman opined that Mr. Taylor's condition may become chronic and recommended physical therapy. On January 5, 2017, Mr. Taylor was treated by George Bal, M.D., for right knee pain and instability. Dr. Bal noted that Mr. Taylor had already been released to return to work. Dr. Bal found moderately reduced range of motion in the right knee on examination. X-rays were normal. Dr. Bal recommended an MRI.

Mr. Taylor was treated several times at Marietta Memorial Hospital emergency department for his right leg. On January 23, 2017, he presented with right knee pain and swelling. A venous Doppler/ultrasound showed a possible thrombus of the right femoral and popliteal vein. He was given anticoagulants. On February 10, 2017, Mr. Taylor was seen for a swollen right leg. A venous Doppler showed a nonocclusive/partial thrombosis of the right femoral vein. Mr. Taylor returned on March 8, 2017, for right leg pain and swelling. An ultrasound showed subacute or chronic nonocclusive deep vein thrombosis. It was also noted that he had a cyst on the right knee. On March 31, 2017, Mr. Taylor was treated for right leg pain and swelling. He was again diagnosed with chronic deep vein thrombosis.

Mr. Taylor was treated by Dr. Cawley on April 4, 2017, who diagnosed recurrent right leg deep vein thrombosis. She recommended he see a vascular specialist. An April 26, 2017, treatment note by Gregory Krivchenia, M.D., indicates Mr. Taylor had right leg swelling, pain and reduced range of motion. Dr. Krivchenia stated that he may have underlying arthritis of the knee secondary to his work injury. Dr. Krivchenia diagnosed right knee meniscus injury and right knee sprain. He recommended a menisectomy and chondroplasty and stated that he believed arthritis was causing a lot of Mr. Taylor's problems. On May 1, 2017, Mr. Taylor sought treatment from Luke Marone, M.D., who diagnosed post-thrombotic syndrome. He recommended Mr. Taylor continue wearing compression socks and prescribed a venous Doppler. Mr. Taylor returned to Marietta Memorial Hospital emergency department on May 14, 2017, for right leg pain and swelling. He had discontinued his anticoagulation medication the month prior. An ultrasound of the right leg was negative.

Mr. Taylor began treating with Jeffrey Kann, M.D., on June 22, 2017. He reported that he was originally injured on January 29, 2013, and was subsequently diagnosed with an anterior cruciate ligament tear. He underwent surgery on March 28, 2013, and was released to return to work on October 28, 2013. In April of 2014, Mr. Taylor began noticing increased pain and swelling in the right knee. An MRI showed a large cyst in the right knee. He underwent anterior cruciate ligament surgery on September 23, 2014. A diagnostic arthroscopy was performed on March 17, 2015, and loose bodies in the joint were removed. Mr. Taylor's right knee remained symptomatic

so an MRI was performed which showed mild osteoarthritis and a cyst. Surgery was performed on November 6, 2014, to remove the cyst. Postoperatively, Mr. Taylor developed recurrent deep vein thrombosis. Dr. Kann diagnosed right knee osteoarthritis and post phlebitis syndrome of the right leg. He opined that the diagnoses were causally related to the compensable injury as they resulted from the subsequent surgeries. Dr. Kann opined that Mr. Taylor does not need a total knee replacement or any further surgeries. He found that he could return to work with limitations.

In a July 14, 2017, letter, Dr. Krivchenia opined that Mr. Taylor's MRI indicates he will require arthroscopic evaluation and treatment and that the treatment was directly related to his compensable injury. In a July 21, 2017, supplemental report, Dr. Kann noted that Mr. Taylor's brother has a history of deep vein thrombosis. Dr. Kann stated that it was his opinion that Mr. Taylor developed a deep vein thrombosis and pulmonary embolism as a result of his compensable injury. He stated that the prior thrombosis and family history places Mr. Taylor at a higher risk for developing the subsequent and recurrent deep vein thrombosis.

Mr. Taylor returned to Ms. McCullough on August 14, 2017. The treatment note indicates Mr. Taylor underwent an ultrasound on June 15, 2017, which showed extensive chronic deep vein thrombosis. Ultrasounds performed on June 28, 2017; July 14, 2017; and July 26, 2017, were negative. Ms. McCullough noted that Mr. Taylor reported that his knee popped on August 14, 2017, which was possibly due to a cyst. Ms. McCullough diagnosed recurrent right lower extremity deep vein thrombosis and venous stasis with open ulcers. Mr. Taylor testified in a hearing before the Office of Judges on March 8, 2018, that he had no symptoms of pulmonary embolism prior to the compensable injury. He stated that he had not worked since 2014. He had right lower extremity pain and swelling as well as persistent right knee pain.

The claims administrator denied authorization of an arthroscopic chondroplasty of the right knee on July 6, 2017. On July 28, 2017, it denied authorization of a venous Doppler of the right lower extremity and a return appointment with Dr. Cawley. The Office of Judges reversed the decisions in its May 18, 2018, Order and authorized the requested medical treatment.

The Office of Judges found that the record indicates Mr. Taylor's right knee surgeries, before he developed recurrent deep vein thromboses, were authorized by the claims administrator. Though no order of authorization was submitted into the record, the medical records and arguments by the parties indicate that the initial surgeries were authorized. The Office of Judges next determined that though Mr. Taylor has a family history of deep vein thrombosis, the medical evidence indicates he developed the condition as a result of surgery. The November 23, 2015, emergency department note from Marietta Memorial Hospital states that his pulmonary embolism and deep vein thrombosis developed as a result of surgery. Dr. Osman stated on January 6, 2016, that Mr. Taylor had a pulmonary embolism that was provoked by surgery. Dr. Marone stated on May 1, 2017, that he underwent a cyst removal that was complicated by a deep vein thrombosis. Lastly, the Office of Judges noted that Dr. Kann opined on July 21, 2017, that though Mr. Taylor's family history increased his risk for deep vein thrombosis, the compensable injury and subsequent surgeries caused the initial thrombosis. The subsequent thrombosis was the result of the prior thrombosis as well as his family history. The Office of Judges therefore held that Mr. Taylor developed deep vein thrombosis as a result of the compensable injury. The requested treatment for

3

the condition, a venous Doppler and a return appointment with Dr. Cawley, was therefore authorized as necessary medical treatment.

Regarding the request for an arthroscopic chondroplasty of the right knee, the Office of Judges determined that Drs. Krivchenia and Kann believed Mr. Taylor's right knee condition is related to the compensable injury. Dr. Krivchenia stated that he required the surgery due to underlying arthritis secondary to the compensable injury. Dr. Kann stated that Mr. Taylor's right knee symptoms were the result of the compensable injury and subsequent surgeries. The Office of Judges noted that the physicians disagreed on whether he requires right knee surgery. The Office of Judges determined that there was equal evidence on either side of the issue regarding the need for arthroscopic knee surgery. When the evidence is of equal weight, the issue is resolved in favor of the claimant. Therefore, the right knee surgery was found to be medically related and reasonably required treatment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 6, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a) (2008), workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. West Virginia Code § 23-4-3(a)(1) (2005) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Mr. Taylor has proven by a preponderance of the evidence that the requested medical treatment is reasonably required and medically necessary treatment for his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison